UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

November 14, 2006

Memo To Counsel Re: Stephen S. Walker, et al. v. City of Frederick, et al.
Civil No. JFM-06-1072

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motions to dismiss. The motions will be granted.

Unfortunately, my schedule does not permit me to write an extensive opinion. Instead, I will merely state the reasons for my decision in summary form. In short, I find that plaintiffs' allegations are insufficiently particularized to state any claim for relief.[1]

I. Alleged "Sham" Nature of Liquor Board's Hearing

All but one of plaintiffs' claims arise from the Liquor Board's decision not to renew City Limits' liquor license.[2] This decision was made in 2003 after a six-hour hearing. However, according to an allegation made in paragraph 21 of the Amended Complaint, "[t]his hearing was only a formality as the City of Frederick and the Liquor Board had already decided individually and together to put Xhale out of business." Likewise, in their opposition memoranda, plaintiffs refer to the hearing as a "sham."

There are absolutely no factual allegations made in the Amended Complaint to support this conclusory averment. The only particularized allegations relate to actions allegedly committed by the City of Frederick, Mayor Jennifer Dougherty, and the Liquor Board years before the 2003 hearing. Not only are these specific allegations stale, they also relate to events that were the subject of a prior lawsuit filed in this Court that was resolved by the entry of a Stipulation of Dismissal With Prejudice after a settlement had been reached.

Maryland law establishes a process for judicial review of liquor board decisions. Here, the record demonstrates that plaintiffs invoked this process but then abandoned it after a motion for a preliminary injunction they filed had been denied. While it is true, as plaintiffs contend,

---

[1] Because I find that plaintiffs have failed to state any viable claim, I need not consider the other issues raised by defendants.

[2] The single exception is Stephen Walker's claim concerning the non-renewal of Xhale II's liquor license. As stated in paragraph VI, *infra*, Walker has made no specific factual allegations at all concerning that claim.

Case 1:06-cv-01072-JFM   Document 26   Filed 11/14/06   Page 2 of 3

that generally "a plaintiff suing under 42 U.S.C. § 1983 . . . need not exhaust his administrative remedies prior to bringing his § 1983 action," *Esslinger v. Baltimore City*, 622 A.2d 774, 778 (Md. Ct. Spec. App. 1993),[3] a person aggrieved by a decision of a liquor board or other state or local administrative agency cannot be permitted to come into federal court by filing a complaint containing wholly conclusory averments. To do so would invite circumvention of the process established by state law for review of state administrative agency decisions and flood the federal courts with cases properly reviewed by the state judiciary.

### II. First Amendment Claim

Plaintiffs have made no allegations to support their conclusory averment that the Liquor Board's decision not to renew City Limits' liquor license constituted a violation of plaintiffs' First Amendment rights other than allegations relating to events occurring years before that were resolved by the dismissal with prejudice of the earlier action filed in this Court.

### III. Equal Protection Claim

Plaintiffs have made no allegations that would suggest that they are members of a "suspect class" meriting anything other than a rational basis standard of review. *See Tri-County Paving, Inc. v. Ashe County*, 281 F.3d 430, 438-39 (4th Cir. 2002). They also have made no allegations that would suggest that the decision of the Liquor Board not to renew City Limits' license was irrational.

### IV. Contract Clause Claim

A Contract Clause claim requires that a specific contract be impaired, and the Amended Complaint makes no reference to an alleged impaired contract. *See City of Charleston v. Pub. Serv. Comm'n*, 57 F.3d 385, 391 (4th Cir. 1995).

### V. Bill of Attainder Claim

Plaintiffs make absolutely no allegations that would support any claim that they were subjected to a bill of attainder.

### VI. Claim of Stephen Walker Re Xhale II

In paragraph 23 Stephen Walker alleges in conclusory fashion that the Liquor Board "refused to renew Xhale II's license in an effort to enforce a *de facto* debarment of Stephen Walker from the liquor business in Frederick County." Again, this averment is not supported by any underlying specific factual allegations. If Walker desires to pursue such a claim on his own, he should file a separate action.

A separate order granting defendants' motions to dismiss and dismissing this action is

---

[3] I also note that *Esslinger* is distinguishable in that here, unlike in *Esslinger*, plaintiffs' claims are based exclusively upon alleged constitutional infirmities in the administrative process itself. Arguably, in such a case a plaintiff should be required to seek state judicial review in accordance with state law before challenging the constitutionality of the process in federal court.

being entered herewith.

        Very truly yours,

        /s/

        J. Frederick Motz
        United States District Judge